| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Lionel E. Giron, Esq., SBN. 200450<br>Joanne Sanchez, Esq. SBN. 320070<br>Law Offices of Lionel E. Giron<br>337 N. Vineyard Ave, Suite 100<br>Ontario, CA 91764<br>Tel. 909-397-7260 Fax: 909-694-1008<br>ecf@lglawoffices.com<br><br>☐  *Individual appearing without attorney*<br>☒  *Attorney for:* Ilda Eduwiges Alvarez | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>ILDA EDUWIGES ALVAREZ | CASE NO.:  1:19-bk-12261-MB<br>CHAPTER: 11 |
|---|---|
| | **INDIVIDUAL DEBTOR'S 3rd AMENDED CHAPTER 11 PLAN OF REORGANIZATION** |
| | DATE: OCTOBER  20,  2020<br>TIME:  10:30 A.M.<br>COURTROOM: 303<br>PLACE: 21041 Burbank Blvd, Woodland Hills, CA 91367 |
| Debtor(s). | |

This plan of reorganization (the Plan) under chapter 11 of the Bankruptcy Code provides for restructuring of the debts of the above-named Debtor.  If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed.  All Creditors should refer to Articles I-IV of this Plan for the precise treatment of their claims.  A disclosure statement (the Disclosure Statement) that provides additional information is being served with this Plan.  The Disclosure Statement is explanatory only; the language used in the Plan is binding.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.**

## Article I
## Treatment of Unclassified Claims

        Under § 1123(a)(1)(i) administrative expense claims allowed under § 503(b) and entitled to priority under § 507(a)(2) (including the claims of professionals, United States trustee fees, and postpetition domestic support obligations; (ii) involuntary gap period claims under § 507(a)(3); and (iii) priority tax claims under § 507(a)(8) are not classified and are not entitled to vote on confirmation of the Plan.  These claims shall be treated as follows:

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                        Page 1                                        **F 2081-1.PLAN**

A.    <u>Professional Fees</u>.  Professional fees may only be paid upon application to and approval by the court.  The Debtor will pay professional fees in full in cash on the later of (i) the Effective Date or (ii) upon court order, except to the extent that a holder of such claim agrees to other terms.

Administrative Claims for Law Offices of Lionel Giron are estimated to be $20,000. This amount may be higher or lower.

B.    <u>Other Administrative Claims</u>.  The Debtor will pay other claims allowed under § 503(b) and entitled to priority under § 507(a)(2), including domestic support obligations arising postpetition[1] and United States trustee fees, in full on the Effective Date (although expenses arising and paid in the ordinary course of Debtor's financial affairs may be paid as due), except to the extent that a holder of these claims agrees to other terms.[2]

C.    <u>Tax Claims</u>.  The Debtor will pay claims entitled to priority under § 507(a)(8) in full over time with _____% interest in equal amortized payments in accordance with § 511.   Payments will be made quarterly, due on the first day of the quarter, starting on the first such date after the Effective Date and ending on the last such date that is no more than 5 years after the  entry of the order for relief.[3]

Debtor owes the Internal Revenue Service a tax unsecured priority claim of $3.94, per Proof of Claim No. 6. Debtor will pay this claim in full on the Effective Date.


## Article II
## Classification and Treatment of Claims

<u>Classes 1(a)-(e):  Priority Claims</u>.

These impaired classes include allowed unsecured claims entitled to priority under § 507 (except administrative claims under § 507(a)(2), involuntary gap period claims under § 507(a)(3) and priority tax claims under § 507(a)(8), which are unclassified and treated in Article I).  For instructions on voting, see Part 2 of the Disclosure Statement.  If any Class does not vote to accept the Plan, then each claim in the non-accepting class will be paid in full on the Effective Date (except to the extent a holder of a claim in the class agrees to other terms).  Creditors in Class 1 are treated as follows (*Check each box that applies*):

☒    Debtor has no creditors in Class 1

☐    Class 1(a):  Unsecured domestic support obligation claims entitled to priority under § 507(a)(1).  Debtor proposes to pay each claim in Class 1(a) in full over_____ years, with _____% postconfirmation interest.  Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ monthly ☐ quarterly, starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.

☐    Class 1(b):  Wage and commission claims entitled to priority under § 507(a)(4).  The Debtor proposes to pay each claim in Class 1(b) in full over _____ years, with _____% postconfirmation interest.  Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.

☐    Class 1(c): Employee benefit plan contribution claims entitled to priority under § 507(a)(5).  The Debtor proposes to pay each claim in Class 1(c) in full over _____ years, with _____% postconfirmation interest.  Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.

---

1    Section 1129(a)(14) requires payment of all domestic support obligations arising postpetition.
2    Section 1129(a)(9)(A) requires payment in full of administrative expenses on the Effective Date.
3    Payment of priority tax claims in full within 5 years of the petition date and on terms not less favorable than those accorded the most favored nonpriority creditor is required by § 1129(a)(9)(C)  IF THE ABSOLUTE PRIORITY RULE APPLIES AND CLASS 6(B) VOTES TO REJECT THE PLAN, ADD THE FOLLOWING: "Accordingly, if Class 6(b) votes to reject the Plan and is paid in full over time, tax priority claimants will receive an interest rate of _____% and maturity on _____.   This treatment is at least as favorable as that received by Class 6(b)."
4    This treatment is required by § 1129(a)(9)(A).

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                            Page 2                                            **F 2081-1.PLAN**

☐      Class 1(d): Grain producer and fisherman claims entitled to priority under § 507(a)(6).  The Debtor proposes to pay each claim in Class 1(d) in full over _____ years, with _____% postconfirmation interest.  Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.

☐      Class 1(e): <u>Consumer deposit claims entitled to priority under § 507(a)(7)</u>.  The Debtor proposes to pay each claim in Class 1(e) in full over _____ years, with _____% postconfirmation interest per annum.  Payments will be made in equal ☐ monthly ☐ quarterly amortizing installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.

**Class 2: Secured claims on Debtor's principal residence.**

A.      <u>Unimpaired secured claims on Debtor's principal residence</u>.  These classes include claims secured solely by the Debtor's principal residence.  All arrearages shall be paid on, or as soon as practicable after, the Effective Date unless the holder of the claim agrees to other terms.  Regular payments shall be made as they come due based on their respective governing loan documents, and except with respect to curing the arrearages, the Plan does not alter the legal, equitable or contractual rights of the creditor.  The Debtor shall maintain current payments and the Plan must not otherwise alter the legal, equitable or contractual rights of the creditors to which that claim entitles the holder of the claim.

These classes are unimpaired and not entitled to vote on the Plan.

Class 2(a):   Secured claim of: <u>Not Applicable</u>_____
              Property address or description of collateral: _____
              Priority of lien: _____
              Total amount of allowed claim: $_____
              Amount of arrearages: $_____
              Regular monthly payment: $_____

Class 2(b):   Secured claim of: <u>Not Applicable</u>_____
              Property address or description of collateral: _____
              Priority of lien: _____
              Total amount of allowed claim: $_____
              Amount of arrearages: $_____
              Regular monthly payment: $_____

B.      <u>Impaired secured claims on Debtor's principal residence</u>.  These classes of secured claims on the Debtor's principal residence are impaired and therefore, entitled to vote under the Plan.  The arrearages in the sum of $_____ shall be paid over _____ years with _____% interest.  To cure the arrearages, the payments shall be made in ☐ monthly ☐ quarterly amortized installments beginning on the first day of each calendar ☐ month ☐ quarter after the Effective Date (Cure Payments).  Ongoing payments shall be made as they come due based on their respective governing loan documents (Regular Payments).  The claim will be paid in full as a secured claim in this class pursuant to § 1123(b)(5).

Class 2(c):   Secured claim of: <u>Not Applicable</u>_____
              Property address or description of collateral: _____
              Priority of lien: _____
              Amount of arrearages: $_____
              Total amount of allowed claim as of _____:
              ☐ Monthly ☐ quarterly Cure Payment amount: $ _____
              ☐ Monthly ☐ quarterly Regular Payment amount: $ _____
              Total ☐ monthly ☐ quarterly payments: $ _____
              Total amount of payments (over time) to satisfy the secured claim: $_____
              Interest rate (to compensate creditor because claim is paid over time): _____%
              First payment date: _____

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2012_                                  Page 3                                  **F 2081-1.PLAN**

Amount of each installment: $ _____
Frequency of payments: _____
Total yearly payments: $_____
Final payment date: _____
Monthly payments will be due on the first day of the month.

Class 2(d):  Secured claim of: _Not Applicable_____
Property address or description of collateral: _____
Priority of lien: _____
Amount of arrearages: $_____
Total amount of allowed claim as of: _____
☐ Monthly ☐ quarterly Cure Payment amount: $ _____
☐ Monthly ☐ quarterly Regular Payment amount: $_____
Total ☐ monthly ☐ quarterly payments: $_____
Total amount of payments (over time) to satisfy the secured claim: $ _____
Interest rate (to compensate creditor because claim is paid over time): _____%
First payment date: _____
Amount of each installment: $ _____
Frequency of payments: _____
Total yearly payments: $ _____
Final payment date: _____
Monthly payments will be due on the first day of the month.

## Class 3: Unimpaired secured claims on property other than the Debtor's principal residence.

This class includes claims secured by a lien on property other than the Debtor's principal residence in which Debtor has an interest that is unimpaired under the Plan.  Debtor will cure any default that occurred before or after the petition date in this case, reinstate the maturity of that claim as such maturity existed before the default, maintain current payments, and not otherwise alter the legal, equitable or contractual rights to which that claim entitles the holder of the claim.  All arrearages shall be paid in full on, or as soon as practicable after, the Effective Date, unless the holder of the claim agrees to other terms.  Regular payments made thereafter will be made when due under the documents governing claim.

These classes are unimpaired and not entitled to vote on the Plan.

Class 3(a):  Secured claim of: _Not Applicable_____
Description of collateral: _____
Priority of lien: _Vehicle Lien_____
Total amount of allowed claim: $_____
Amount of arrearages: $_____
Regular monthly payment: $_____

Class 3(b):  Secured claim of: _Not Applicable_____
Description of collateral: _____
Priority of lien: _Vehicle Lien_____
Total amount of allowed claim: $_____
Amount of arrearages: $_____
Regular monthly payment: $_____

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2012_                                    Page 4                                    **F 2081-1.PLAN**

**Class 4: Unimpaired secured claims on Collateral to be Surrendered by Debtor.**

    This class includes claims secured by a lien on property in which the Debtor has an interest that are unimpaired under the Plan. Debtor will not retain interest in such property(ies) and will surrender such collateral to the secured creditor:  ☐ not later than Effective Date   ☐ by (*date*): _____

Class 4(a):  Secured claim of: <u>Not Applicable</u>
            Description of collateral: _____
Class 4(b):  Secured claim of: <u>Not Applicable</u>
            Description of collateral: _____

**Class 5: Impaired secured claims**

    The following classes include claims secured by a lien on property other than the debtor's principal residence in which Debtor has an interest, other than the secured claims in Class 2 and the unimpaired secured claims in Classes 3 and 4.

    The secured portion of the following impaired class(es) shall be paid as set forth below.

U.S Bank holds a first lien on the 637 N. Mariposa Ave, Ontario, CA property. The secured claim is $400,000 based on the stipulation for value between Debtor and U.S. Bank, Court Dkt. 63 and 65. Debtor will pay the secured claim with an interest of 5%. In addition, Debtor will also set aside funds to pay the property's taxes and insurance, these will be impounded by Creditor.

The amount of the claim in excess of the secured claim is an unsecured claim in Class 6(b) However, if the holder of a secured claim makes a timely and valid §1111(b) election, the claim shall be treated as a secured claim notwithstanding § 506(a).

    The following chart lists Class 5 claims and their proposed treatment under the Plan:

Class 5(a):  Secured claim of: <u>U.S. Bank,</u>
            Property address or description of collateral: <u>637 N. Mariposa Ave, Ontario, CA 91764</u>
            Priority of lien: <u>First</u>
            Amount of arrearages: <u>$0.00</u>            Total Claim amount: $400,000
            Total amount of allowed claim as of: <u>3/1/2020</u>
            ☐    ☐
            ☒ monthly ☐ quarterly Regular Payment amount: <u>$2,147.29</u>  (Principal and Interest)
            Total ☒ monthly ☐ quarterly payments: <u>$2,147.29 (Principal and Interest)</u>
            Total amount of payments (over time) to satisfy the secured claim: $<u>773,023.14</u>
            Interest rate (to compensate creditor because claim is paid over time): <u>5</u> %
            First payment date: <u>12/1/2020</u>
            Amount of each installment: $<u>2,147.29</u>  (Principal and Interest)
            Frequency of payments: <u>Monthly</u>     ***Additionally, Debtor will pay Class 5(a) creditor for property's taxes and
            Total yearly payments: $<u>25,767.48</u>     insurance on a monthly basis. Debtor will be responsible for the property's
            Final payment date: <u>12/1/2050</u>     taxes and insurance. Account will remain impounded by Creditor.
            Monthly payments will be due on the first day of the month.

Class 5(b):  Secured claim of: <u>Cavalry SPV I, LLC</u>
            Property address or description of collateral: <u>637 N. Mariposa Ave, Ontario, CA 91764</u>
            Priority of lien: <u>Judgment lien</u>
            Total amount of allowed secured claim as of:
            Total amount of payments (over time) to satisfy the secured claim: $_____
            Interest rate (to compensate creditor because claim is paid over time): _____%
            First payment date: _____   On 8/17/2020, the Court granted Debor's Motion to value, Court Docket No. 129.
            Amount of each installment: $_____   Thus, Class 5(b)'s claim is wholly unsecured, and will be treated under Class
            Frequency of payments: _____     6(b).
            Total yearly payments: $_____     Class 5(b)'s claim will be treated under Class 6(b), thus entitled
            Final payment date: _____     to vote under the Class 6(b).
            Monthly payments will be due on the first day of the month.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

To the extent that certain creditors' claims are entitled to various amounts due because defaults are not cured or paid in full on or before the Effective Date, those classes of creditors are impaired and entitled to vote on the Plan.  See Part 2 of the Disclosure Statement for instructions on voting.

**Class 6:  General Unsecured Claims**.

☐    Class 6(a):  Smaller Unsecured Claims.  This class includes any allowed unsecured claim of $_____ or less and any allowed unsecured claim larger than $_____ but whose holder agrees to reduce its claim to $_____.   Each member of this class shall receive on the Effective Date, or as soon as practicable thereafter, a single payment equal to 100% of the allowed claim.  This class is unimpaired and not entitled to vote on the plan.

☒    Class 6(b):  Other General Unsecured Creditors.  This class includes all allowed unsecured claims not in Class 6(a) and not entitled to priority.  Each member of Class 6(b) shall be paid ___10___% of its claim over ___5___ years in equal ☒ monthly ☐ quarterly installments, due on the first day of each calendar ☒ month ☐ quarter, ☒ with interest at the rate of ___3.75__% per annum ☐ without interest starting on the first such date after the Effective Date.  I Debtor believes she has an allowed general unsecured claims in the amount of $57,795.09. Debtor proposes to pay this class 10% plus a 3.75% interest rate per annum, over a 5-year period by making equal pro-rata monthly installment payments of $106 commencing on the Effective Date of the Plan.

This class is impaired and entitled to vote on confirmation of the Plan.  For instructions on voting, see Part 2 of the Disclosure Statement.
All Class 6 claims, as of this date, are listed on Exhibit C to the Disclosure Statement.

## Article III
## Allowance and Disallowance of Claims

A.    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

B.    Delayed Distribution on Disputed Claims.  No distribution will be made on account of that portion of a claim that is disputed unless it is allowed by final nonappealable order.

C.    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with FRBP 9019 unless the amount allowed by the compromise does not exceed $ 5,000.00_____, in which case no court approval is necessary.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 6                                    **F 2081-1.PLAN**

## Article IV
## Executory Contracts and Unexpired Leases

A.  <u>Executory Contracts and Leases Assumed</u>.  The Debtor assumes the executory contracts and unexpired leases enumerated in Exhibit E to the Disclosure Statement, effective upon the Effective Date, and shall perform all obligations thereunder, both preconfirmation and postconfirmation.  Any preconfirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance.  Postconfirmation obligations will be paid as they come due.

B.  <u>Executory Contracts and Leases Rejected</u>.  The Debtor is conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Exhibit E to the Disclosure Statement as of the Effective Date.  A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.  Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 6, except to the extent this court orders otherwise.

## Article V
## Means of Implementation

The Plan will be funded through (*Check each box that applies*):

a.  ☒  $ 27,950.00_____  of cash available on the date of the Plan confirmation hearing;

b.  ☐  A sale of the following property (*describe*)

        described in the Plan, which the Debtor estimates will produce $_____ ;

c.  ☒  additional cash from projected disposable income (projected to be $ 150.00_____ /month for the __5__ year(s)[6] following confirmation); and/or

d.  ☐  other sources of funding, as follows:

Please see Part 3 of the Disclosure Statement for further details of these projections.

## Article VI
## Discharge and Other Effects of Confirmation

A.  <u>Discharge</u>.  Upon completion of all payments under the Plan, the Debtor shall receive a discharge of all preconfirmation debts, whether or not the creditor files a proof of claim, or accepts the Plan, unless the court orders otherwise.  Such discharge will not discharge Debtor from any debts that are nondischargeable under § 523 or the obligations created by this Plan.

B.  <u>Vesting of Property</u>.  On the Effective Date, all property of the estate will vest in the reorganized debtor pursuant to § 1141(b), free and clear of all claims and interests except as provided in the Plan.

C.  <u>Plan Creates New Obligations</u>.  Except as otherwise stated in the Plan, the payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

D.  <u>Creditor Action Restrained</u>.  Creditors may not take any action to enforce either preconfirmation obligations or obligations due under the Plan, so long as the Debtor is not in material default under the Plan.  If the Debtor is in material default under the Plan, affected creditors may:  (i) take any action permitted under nonbankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss this case or to convert this case to a chapter 7 bankruptcy case.

---

[5] This number should match the number of years selected for payments made to creditors under the plan and the number of years of projected disposable income calculated in Part 3.C. of the Disclosure Statement.

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 7                                    **F 2081-1.PLAN**

E.    <u>Material Default Defined</u>.  If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of default.  The Debtor is in material default under the Plan if the Debtor fails within 21 days of the service of such notice of default, plus 3 additional days if served by mail, either:  (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred.

F.    <u>Retention of Jurisdiction</u>.  This court retains jurisdiction until all Plan payments have been made.

**Article VII
General Provisions**

A.    <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in the Plan.

B.    <u>Effective Date of Plan</u>.  The Effective Date of the Plan is 14 days following the date of the entry of the order confirming the Plan. But, if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

C.    <u>Cramdown</u>.  Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b).

D.    <u>Binding Effect</u>.  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

E.    <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

F.    <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or FRBP), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

G.    Final Decree.  Pursuant to FRBP 3022, a Final Decree may not be entered until a bankruptcy case is fully administered.   The court may, however, allow a Final Decree to be entered at an earlier date if requested in Miscellaneous Provisions (below), or for cause shown.

H.    Miscellaneous Provisions: <u>Plan Voting: If creditors who are eligible to vote in a particular class do not casts a vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such claims.</u>

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                Page 8                                **F 2081-1.PLAN**

I. ☐ Addendum attached, see addendum.

Date: 10/12/2020

By: _____
   Signature of Debtor


Name: Ilda E. Alvarez_____
   Printed name of Debtor


Date: 10/12/2020

By: /s/ Joanne Sanchez_____
   Signature of attorney for Debtor, if any


Name: Joanne P. Sanchez, Esq._____
   Printed name of attorney for Debtor, if any

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                      Page 9                      **F 2081-1.PLAN**

I.    ☐    Addendum attached, see addendum.

Date:    10/12/2020                                      By: _____
                                                             Signature of Debtor

                                                        Name:    Ilda E. Alvarez
                                                                 Printed name of Debtor

Date:    10/12/2020                                     By:    /s/ Joanne Sanchez
                                                               Signature of attorney for Debtor, if any

                                                        Name:    Joanne P. Sanchez, Esq.
                                                                 Printed name of attorney for Debtor, if any

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 9                              F 2081-1.PLAN

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**337 N. Vineyard Ave., Suite 100, Ontario, CA 91764**

A true and correct copy of the foregoing document entitled: **DEBTOR'S 3rd AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **10/15/2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Russell Clementson on behalf of U.S. Trustee United States Trustee (SV): russell.clementson@usdoj.gov**
- **Lionel E Giron on behalf of Debtor Ilda Eduwiges Alvarez: ecf@lglawoffices.com, lglawadmin@ecf.courtdrive.com**
- **Lemuel Bryant Jaquez on behalf of Creditor US BANK, NA: bknotifications@ghidottiberger.com,gbadmin@ecf.courtdrive.com**
- **Lemuel Bryant Jaquez on behalf of Creditor U.S. Bank National Association, not individually but solely as Trustee for BlueWater Investment Trust 2017-1 bknotifications@ghidottiberger.com,gbadmin@ecf.courtdrive.com**
- **Valerie Smith on behalf of Interested Party Courtesy NEF: claims@recoverycorp.com**
- **United States Trustee (SV): ustpregion16.wh.ecf@usdoj.gov**
- **Kristin A Zilberstein on behalf of Interested Party Courtesy NEF: bknotifications@ghidottiberger.com;gbadmin@ecf.courtdrive.com**

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On **10/15/2020** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Debtor: Ilda Alvarez, 13759 Fenton Ave, Sylmar, CA 91342.</u>

<u>Secured Creditor:</u>
**U.S. Bank National Association c/o Selene Finance, LP
9990 Richmond Avenue - Suite 400 South
Houston TX 77042**
*(Proof of claim No. 2)*

<u>Unsecured Creditors:</u>
**Capital One, N.A. c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701**
*(Proof of claim No. 4)*

**Cavalry SPV I, LLC assignee of Chase Bank USA, N.A.,
500 Summit Lake Drive, ste 400
Valhalla, NY 10595**
*(Proof of claim No. 1)*

**Internal Revenue Service**
**PO Box 7345**
**Philadelphia, PA 19101-7346**
*(Proof of claim No. 6)*

**Synchrony Bank/Walmart**
**Attn: Bankruptcy**
**PO Box 965060**
**Orlando, FL 32896**

**Portfolio Recovery Associates, LLC**
**PO Box 41067**
**Norfolk, VA 23541**
*(Proof of claim No. 5)*

**TimePayment Corp.**
**1600 District Ave., Ste. 200**
**Burlington, MA 01803−0180**
*(Proof of claim No. 3)*

**TimePayment Corp.**
**1600 District Ave., Ste. 200**
**Burlington, MA 01803−0180**
*(Proof of claim No. 3)*

**U.S. Bank National Association**
**c/o Selene Finance, LP**
**9990 Richmond Avenue, Suite 400 South**
**Houston TX 77042**
*(Proof of claim No. 2)*

**U.S. Bank National Association**
**c/o Selene Finance, LP**
**9990 Richmond Avenue –**
**Suite 400 South**
**Houston TX 77042**
*(Proof of claim No. 2)*

**Visa Dept. Store National Bank/Macy**
**Attn: Bankruptcy**
**PO Box 8053**
**Mason, OH 45040**

**Synchrony Bank/Lowes**
**Attn: Bankruptcy**
**PO Box 965060**
**Orlando, FL 32896**

**Wells Fargo Bank**
**Attn: Bankruptcy Dept.**
**PO Box 6429**
**Greenville, SC 29606**

**Citibank/The Home Depot**
**Attn: Recovery/Centralized Bankruptcy**
**PO Box 790034**
**Saint Louis, MO 63179**

**Curacao Attn: Legal Dept.**
**1605 West Olymic Blvd; Suite 600**
**Los Angeles, CA 90015**

**Portfolio Recovery Associates, LLC**
**PO Box 41067**
**Norfolk, VA 23541**
*(Proof of claim No. 5,7)*

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
(state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _, I
served the following persons and/or entities by personal delivery, overnight mail service, or (for those who
consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing
the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be
completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true
and correct.

| 10/15/2020 | Samantha Hernandez | /s/ Samantha Hernandez |
| --- | --- | --- |
| Date | Printed Name | Signature |